ALLEGRA LAW FIRM, L.L.C.
286 Broad Street
Red Bank, New Jersey 07701
(732) 747-8383
Attorneys for Plaintiffs

_____

|  |  |
|---|---|
| BO A. GUSTAFSSON and<br>JORENE GUSTAFSSON, his wife<br><br>　　　　Plaintiffs,<br><br>　　　　vs.<br><br>JOSE A. RODRIGUEZ, MD,<br><br>LENOX HILL HOSPITAL, JOHN<br>DOES I-X (names being fictitious<br>and unknown) and JOHN ROES I-X<br>(names being fictitious and<br>unknown) jointly, severally and in<br>the alternative.<br><br>　　　　Defendants. | : FEDERAL DISTRICT COURT FOR THE<br>: DISTRICT OF NEW JERSEY<br>:<br>: CIVIL ACTION NO:<br>:<br>:　　　　　*Civil Action*<br>:<br>:　COMPLAINT, JURY DEMAND,<br>:　NOTICE OF OTHER ACTIONS AND TRIAL<br>:　COUNSEL DESIGNATION<br>:<br>:<br>:<br>:　　　　(MEDICAL NEGLIGENCE)<br>:<br>:<br>:<br>: |

_____

## INTRODUCTION

1. This cause of action results from medical negligence resulting from the defendants' deviation from the required degree of care and skill and deprivation of informed consent when treating their patient, Bo A. Gustafsson (hereinafter referred to as "Plaintiff"), on or around June 6, 2011.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332. Plaintiffs are citizens of New Jersey, while Defendants are citizens of New York. The matter in controversy exceeds $75,000.00.

3. All causes of action in this complaint arise out of the same case or controversy.

4. The United States District Court for the District of New Jersey is the proper venue and has personal jurisdiction not only because Plaintiffs, Bo A. Gustafsson and his wife Jorene Gustafsson currently, and at all times relevant to this cause of action, have resided at 130 Lakeside Avenue, Township of Middletown, in the County of Monmouth and State of New Jersey, but also due to the Defendants' continuous solicitations into New Jersey and provision of medical advice via email with Mr. Gustafsson in the State.

## PARTIES

5. Plaintiff, Bo A. Gustafsson, underwent an invasive medical procedure performed by José A. Rodriguez, M.D. on or about June 6, 2011.

6. Plaintiff, Jorene Gustafsson, for all times relevant to this complaint, has resided with her husband Mr. Gustafsson.

7. Defendant José A. Rodriguez, M.D. is a New York State licensed physician, limiting his practice to orthopedic surgery. He is an attending physician at Lenox Hill Hospital in New York, NY.

8. Lenox Hill Hospital is a duly licensed hospital in the State of New York.

9. John Does I-X are anesthesiologists and/or other medical providers who rendered certain medical care and treatment to Plaintiff, including but not limited to the administration of anesthesia.

10. John Roes I-X include any other unknown medical providers who were agents, servants and/or employees of Lenox Hill Hospital and who treated Plaintiff and deviated from the required standard of care owed to Plaintiff in rendering medical care and treatment related to the incorrect knee replacement.

## FACTS

11. Plaintiff was suffering from degenerative joint disease of the right knee.

12. Plaintiff sought the care of Dr. Rodriguez to address the condition of his knee.

13. On May 31, 2011, via email to Dr. Rodriguez, Plaintiff expressed his desire to discuss which prosthetic knee he was to receive. In this email, Plaintiff asked his doctor's opinion as to the Smith & Nephew Legion Knee with Verilast Technology ("Legion Knee").

14. Dr. Rodriguez responded to this email via facsimile, in which he confirmed that the plaintiff would receive the Legion Knee.

15. Plaintiff's interest in the Legion Knee and his desire to receive same was based on his review of testing that indicated the Legion Knee had a 30 year functional life. Plaintiff would not have undergone the surgery offered by Dr. Rodriguez if he would not have been promised he would receive the Legion Knee.

16. Plaintiff was admitted to Lenox Hill Hospital on June 6, 2011, under the care of Dr. Rodriguez.

17. On the day of surgery, June 6, 2011, prior to undergoing anesthesia, Plaintiff was seen by the anesthesiologist. Prior to this meeting, Plaintiff had received certain medications intended to prep him for surgery. Plaintiff attempted to confirm with this Defendant that he would receive the Legion Knee.

18. Plaintiff succumbed to the prep medications before being able to have this discussion with the anesthesiologist and the confirmation was never given.

19. Without any discussion or notification and against his specific advice and representations, Dr. Rodriguez implanted a DePuy prosthesis, rather than the Legion Knee. Plaintiff was unaware of this situation until long after the surgery when Dr. Rodriguez admitted

to Plaintiff that he was negligent in failing to provide the Legion Knee contrary to his advice and the expectation of the Plaintiff.

## FIRST COUNT

20. On or about June 6, 2011, the Plaintiff, BO A. GUSTAFSSON, was rendered certain medical care and treatment by the Defendant, JOSE A. RODRIGUEZ, MD, a physician, licensed to practice medicine in the State of New York, or holding himself out as such.

21. In rendering the aforementioned care and services to the Plaintiff, the Defendant was negligent and careless, which negligence was a deviation from the required degree of care and skill.

22. As a direct and proximate result of the negligent and careless medical care and treatment rendered by the Defendant, which deviated from the required degree of care and skill, the Plaintiff suffered unnecessary complications and injuries which have left Plaintiff permanently impaired, injured and disfigured.  Said injuries have required, and will require in the future, medical care and attention, and are permanent in nature and have caused and will in the future cause the Plaintiff to lose income, incur expenses and to suffer diverse financial loss. Further said negligence and breach of the required standard of care has directly and proximately caused Plaintiff to suffer great pain permanently and endure great emotional distress permanently.

WHEREFORE, the Plaintiff, BO A. GUSTAFSSON, demands judgment against the Defendant, JOSE A. RODRIGUEZ, MD, for damages together with interest and costs of suit.

## SECOND COUNT

23. Plaintiff repeats and reiterates each and every allegation contained in the First Count

of the Complaint with the same force and effect, as though set forth at length and makes the same part hereof by reference herein.

24. On or about June 6, 2011 the Plaintiff, BO A. GUSTAFSSON, was rendered certain medical care and services by Defendants, JOHN DOES I-X (names being fictitious and unknown).

25. In rendering the aforementioned care and services to the Plaintiff, the Defendants were negligent and careless, which negligence was a deviation from the required standard of care and skill.

26. As a direct and proximate result of the negligent and careless medical care and services rendered by the Defendants, which deviated from the required degree of care and skill, the Plaintiff suffered unnecessary complications and injuries which have left Plaintiff permanently impaired and injured.  Said injuries have required, and will require in the future, medical care and attention and are permanent in nature and have caused and will in the future cause the Plaintiff to lose income, incur expenses and to suffer diverse financial loss.  Further said negligence and breach of the required standard of care has directly and proximately caused Plaintiff to suffer great pain permanently and endure great emotional distress permanently.

WHEREFORE, the Plaintiff demands judgment against the Defendants, JOHN DOES I-X (names being fictitious and unknown), jointly, severally and in the alternative, for damages together with interest and costs of suit.

### THIRD COUNT

27. Plaintiff repeats and reiterates each and every allegation contained in the First and Second Counts of the Complaint with the same force and effect as though set forth at length and makes the same part hereof by reference herein.

28. On or about June 6, 2011, the Plaintiff, BO A. GUSTAFSSON, was rendered certain medical care and services by Defendant, LENOX HILL HOSPITAL, a duly licensed hospital, by and through its agents, servants and/or employees, Defendants JOHN ROES I-X (names being fictitious and unknown).

29. In rendering the aforementioned care and services to the Plaintiff, Defendants were negligent and careless, which negligence was a deviation from the required standard of care and skill.

30. As a direct and proximate result of the negligent and careless medical care and services rendered by the Defendants, which deviated from the required standard of care and skill, the Plaintiff suffered unnecessary complications and injuries which have left Plaintiff permanently impaired and injured. Said injuries have required, and will require in the future, medical care and attention and are permanent in nature and have caused and will cause the Plaintiff to lose income, incur expenses and to suffer diverse financial loss. Further said negligence and breach of the required standard of care has directly and proximately caused Plaintiff to suffer great pain permanently and endure great emotional distress permanently.

WHEREFORE, the Plaintiff demands judgment against the Defendants, LENOX HILL HOSPITAL and JOHN ROES I-X (names being fictitious and unknown), jointly, severally and in the alternative for damages together with interest and costs of suit.

### FOURTH COUNT

31. Plaintiff repeats and reiterates each and every allegation contained in the First, Second, and Third Counts of the Complaint with the same force and effect as though set forth at length and makes the same part hereof by reference herein.

32. Prior to and during the course of the treatment, as described herein above, the

Defendants had a duty to inform the Plaintiff of the nature of the proposed treatment as well as the risks and complications associated with the proposed treatment.

33. At all times relevant hereto, the Defendants negligently failed to inform the Plaintiff as was required, including but not limited to the nature of the treatment proposed and of the risks and complications and as a consequence, did not obtain the Plaintiff's informed consent for the treatment and care rendered the Plaintiff.

34. As a direct and proximate result of the negligent failure to inform the Plaintiff and of the negligent failure of the Defendants to obtain the Plaintiff's informed consent, Plaintiff was effectively denied a meaningful choice and participation in the decision making process to accept said care and treatment.  Plaintiff was negligently deprived of the required information and effectively denied an option to obtain a second opinion and/or otherwise refuse to undergo the treatment offered and performed by Defendants.  As a direct and proximate result of the negligent and careless treatment rendered by the Defendants, which deviated from the required standards of care, the Plaintiff suffered unnecessary complications and/or injury which have left the Plaintiff permanently impaired. Said injuries have required and will in the future require further medical care and attention, are permanent in nature, and have caused and will cause the Plaintiff to lose income, incur expenses and suffer diverse financial loss.  Further said negligence and breach of the required standard of care has caused and will cause the Plaintiff in the future to suffer great pain permanently and endure great emotional distress permanently.

WHEREFORE, the Plaintiff demands judgment against the Defendants, jointly, severally and in the alternative, for damages together with interest and costs of suit.

## **FIFTH COUNT**

35. Plaintiff, JORENE GUSTAFSSON repeats and reiterates each and every allegation

contained in the First, Second, Third and Fourth Counts of the Complaint as if set forth at length herein.

36. By reason of the aforesaid carelessness and negligence of said Defendants, jointly, severally and in the alternative, Plaintiff, BO A. GUSTAFSSON, sustained severe and permanent injuries which prevented him from performing his usual daily duties for a long period of time and will in the future prevent him from performing his duties as a spouse and companion to the Plaintiff, JORENE GUSTAFSSON.

37. As a direct and proximate result of the Defendants' carelessness and negligence, jointly and severally, Plaintiff, JORENE GUSTAFSSON, was deprived of the consortium of her spouse, Plaintiff, BO A. GUSTAFSSON, and will in the future be deprived of said consortium.

WHEREFORE, Plaintiffs BO A. GUSTAFSSON and JORENE GUSTAFSSON, demand judgment against the Defendants, jointly, severally and in the alternative, for damages together with interest and costs of suit.

                                                ALLEGRA LAW FIRM, L.L.C.
                                                Attorneys for Plaintiff

DATED: March 6, 2012        BY: _s/Peter A. Allegra_____
                                            PETER A. ALLEGRA, ESQUIRE

## JURY DEMAND

Plaintiff hereby requests a trial by jury as to all issues.

## TRIAL COUNSEL DESIGNATION

Pursuant to L.Civ.R. 101(a), PETER A. ALLEGRA, ESQUIRE, is authorized to appear in this Court and hereby designated as Trial Counsel.

## **NOTICE OF OTHER ACTIONS**

Pursuant to L.Civ.R. 11.2, I hereby certify that the matter in controversy is not the subject of any other pending or contemplated court action or arbitration.

                                              ALLEGRA LAW FIRM, L.L.C.
                                              Attorneys for Plaintiff

DATED:      March 6, 2012       BY: __s/Peter A. Allegra_____
                                                    PETER A. ALLEGRA, ESQUIRE